[No. 17818.  Department Two.  August 20, 1923.]

J. E. BRATNOBER, *Appellant,* v. J. O. STOREY *et al.,*
*Respondents.*[1]

VENDOR AND PURCHASER (128, 132)—BONA FIDE PURCHASERS—
FAILURE TO RECORD INSTRUMENT—TITLE ACQUIRED. The bona fide pur-
chaser of land in ignorance of an unrecorded mortgage given to one
S., who was the president of a timber company all the property and
capital stock of which was also acquired by such purchaser, is not
charged with notice of the mortgage from the fact that, having ac-
quired the timber company and all its stock, he took the deed to the
land in the name of the timber company purely as a matter of his
own convenience.

Appeal from a judgment of the superior court for
Pierce county, Askren, J., entered January 18, 1922,
upon findings in favor of the defendants, in an action
to foreclose an absolute deed given as a mortgage, tried
to the court.  Affirmed.

*Paul & Barker,* for appellant.

*Jay Bowerman* and *Bates & Peterson,* for respond-
ents.

PARKER, J.—The plaintiff, J. E. Bratnober, as as-
signee of C. P. Bratnober, commenced this action in the
superior court for Pierce county seeking, among other
things, foreclosure of a mortgage which was in form
an absolute deed of conveyance, executed by the de-
fendants, Susie and Bessie Storey, daughters of the
defendant J. O. Storey, to C. P. Bratnober, upon a
tract of timber land in that county, to secure a surety
obligation from the defendant J. O. Storey to C. P.
Bratnober.  The defendant Storey Timber Company
having become a subsequent grantee of the daughters
by deed of conveyance of the land from them prior to

[1]Reported in 217 Pac. 1024.

the recording of the mortgage deed, it filed in the action its answer and cross-complaint, praying that the relief asked for by the plaintiff be denied, and that its title to the land in question be quieted as against the mortgage claim of the plaintiff. A trial upon the merits in the superior court resulted in a judgment denying foreclosure, and the quieting of title to the land in the defendant Storey Timber Company, as against the mortgage claim of the plaintiff, from which he has appealed to this court.

The controlling facts, as we view them, may be summarized as follows: On January 12, 1914, the defendants, Susie and Bessie Storey, daughters of the defendant J. O. Storey, for whom they held title in trust to the land in question, at his instance and request, executed and delivered to C. P. Bratnober a deed of conveyance therefor intended as a mortgage, which mortgage deed C. P. Bratnober and the plaintiff, his assignee, withheld from record in the office of the auditor of Pierce county until April 5, 1915. On February 1, 1915, the defendant Storey was president of the defendant timber company and was the owner of all the capital stock of that company, except one share each held by his daughters Susie and Bessie for the purpose of qualifying them to become officers of the timber company.

Prior to that date, Storey and W. F. Furnish had entered into negotiations looking to the purchase by Furnish of a large quantity of real property from the timber company, and also looking to the purchase by Furnish of the land here in question from Storey. The proposed sales being agreed upon, Furnish caused abstracts of title to be made by competent abstractors covering all of the property, including the land here in question, and caused such abstracts to be examined by competent attorneys, as the result of which he was led

to believe that the conveyance of the land here in question from Susie and Bessie Storey would convey clear and unincumbered title thereto. The official records of the county, as we have already noticed, do not disclose the existence of the plaintiff's mortgage deed. Furnish had no knowledge of any such mortgage claim being made by the plaintiff against the land here in question, nor was there any physical possession of the land by either one of the Bratnobers suggesting any claim of right in the land by either of them. In the consummation of the purchase of the timber company's property by Furnish, which apparently was all of the property of that company, all of the capital stock of that company was transferred by Storey and his daughters to Furnish. Storey and his daughters resigned as officers of the timber company, and other officers were selected as designated by Furnish. Thus the timber company, its property, and affairs passed from the Storeys to Furnish. Thereafter, in consummation of the agreement for the sale of the land here in question from Storey to Furnish, as found by the trial court:

"W. J. Furnish caused said negotiations for the purchase of said real property to be consummated and paid for, and accepted the title to said real property hereinabove described, and as a matter of convenience only and for the purpose of completing said sale, and transferring the title to said real property, the title thereto was by a deed of conveyance vested in the defendant and cross-complainant, Storey Timber Company; . . . defendant and cross-appellant Storey Timber Company, a corporation, did not pay any part of the consideration for said deed, but the whole consideration for said real property, which was the full value thereof, was paid by said W. J. Furnish."

It is apparent, we think, that the sale of the land here in question from Storey to Furnish was purely a private matter between them, and was not a part of the

company's business or affairs, and the conveyance of the land in form from Susie and Bessie Storey to the timber company, after Furnish had become the owner of all the timber company's capital stock, was purely a matter of his own convenience, he manifestly using the timber company as the holder of the title to the land in trust for him. These facts appear in the trial court's findings, which seem to us well supported by the evidence. Indeed we do not understand counsel as seriously questioning these facts.

The contentions here made in behalf of appellant Bratnober, as we understand them, are rested practically wholly upon the theory that Storey's knowledge, while he was president of the timber company, of the existence of the mortgage deed given by his daughters to appellant's assignee, became and remained the knowledge of the timber company after the company, its property and affairs had passed into the hands of Furnish, and when the deed for the land in question was given by the daughters to the timber company at the request of Furnish; and that, therefore, the timber company took conveyance of the land from the daughters of Storey with knowledge of, and therefore subject to, the mortgage deed theretofore given by the daughters to appellant's assignor. This, viewed superficially, may seem sound, but we think loses all its force as an argument in support of appellant's contention when we remember that Furnish was personally the purchaser of this land, that he personally paid the full purchase price thereof, and that he caused it to be conveyed by the daughters of Storey to the timber company, which was then his company, merely as a matter of convenience to himself, in effect making the timber company the mere holder of the legal title to the land in trust for himself. Manifestly, if Furnish had caused the daughters to

convey the land to himself, he would have been an innocent purchaser for full value, as against the claim of appellant made under the prior mortgage deed given by the daughters and here sought to be foreclosed. We are quite unable to see that either he or his trustee, the timber company, is in any worse position by the mere fact that he caused the land to be conveyed by the daughters to the timber company as a matter of convenience to himself. We think the knowledge by Storey of the prior execution of the mortgage deed was, in no event, imputable to the timber company as the holder of the legal title in trust for Furnish under the subsequent deed given by the daughters, such as to defeat the rights and duties of the timber company as such trustee, or the rights of Furnish as the equitable owner of the land by virtue of that deed.

Some other claimed errors on the part of the trial court are suggested and briefly argued, but we think they are so wholly without merit as to not call for further discussion.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.